# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 22-489V

|  |  |
|---|---|
| CAROLYN SAWYER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 11, 2026 |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Alec Saxe, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On May 2, 2022, Carolyn Sawyer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination received on November 20, 2020. Petition at ¶¶ 3, 22, 29. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 11, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On March 11, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $40,000.00 for pain and suffering and $173.54 to satisfy the State of Louisiana Medicaid lien. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

    a.  **A lump sum payment of $40,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

    b.  **A lump sum payment of $173.54, representing compensation for satisfaction of the State of Louisiana Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to:**

> **Louisiana Department of Health**
> **LDH/Recovery and Premium Assistance/Medicaid Recovery Unit**
> **P.O. Box 3558**
> **Baton Rouge, LA 70821-3558**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| CAROLYN SAWYER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 22-489V |
| v. | ) | Chief Special Master Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

On May 2, 2022, Carolyn Sawyer ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act").  Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of an influenza ("flu") vaccination received on November 20, 2020.  Petition at 1.

On December 11, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[2]  ECF No. 39.

### I.    Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] The parties have no objection to the amount of the proffered award of damages.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's December 11, 2025 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act.  This right accrues following the issuance of the Damages Decision.

A.   Pain and Suffering

Respondent proffers that petitioner should be awarded **$40,000.00** in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.   Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of

Louisiana Medicaid lien in the amount of **$173.54**, which represents full satisfaction of any right

of subrogation, assignment, claim, lien, or cause of action the State of Louisiana may have

against any individual as a result of any Medicaid payments the State of Louisiana has made to

or on behalf of petitioner from the date of her eligibility for benefits through the date of

judgment in this case as a result of her vaccine-related injury suffered on or about November 20,

2020, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.   Form of the Award/Recommended Payments

The parties recommend that compensation provided to petitioner should be made through

two lump sum payments described below, and request that the Chief Special Master's decision

and the Court's judgment award the following:[3]

A.   A lump sum payment of **$40,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Carolyn Sawyer; and

B.   A lump sum payment of **$173.54**, representing compensation for satisfaction of the State of Louisiana Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

2

Louisiana Department of Health
LDH/Recovery and Premium Assistance/Medicaid Recovery Unit
P.O. Box 3558
Baton Rouge, LA 70821-3558

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

*/s/ Alec Saxe*
ALEC SAXE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, DC 20044-0146
Telephone:  (202) 353-7722
Email:  Alec.Saxe@usdoj.gov

Dated: March 11, 2026

3